1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 MANUEL PALOMARES, | Case No. 1:21-cv-01745-JLT-CDB |
| 12           Plaintiff, | ORDER ON STIPULATION |
| 13      v. | AMENDING SCHEDULING ORDER **AS MODIFIED** |
| 14 CITY OF ARVIN, et al., | (Doc. 25) |
| 15           Defendants. | |

16

17       On July 1, 2022, the Court entered a Scheduling Order in this case consistent with the

18 parties' jointly requested timeline to complete discovery, including provision for eight months to

19 complete fact discovery, nine months to complete expert discovery and ten months to file

20 dispositive motions.  (Docs. 16, 17) Among other things, the Scheduling Order sets forth:

21       The dates set in this order are firm and will not be modified absent a showing of
       good cause even if the request to modify is made by stipulation. Stipulations
22       extending the deadlines contained herein will not be considered unless they are
       accompanied by affidavits or declarations, and where appropriate attached
23       exhibits, which establish good cause for granting the relief requested.

24 (*Id*. at 6) (emphasis in original).

25       On October 25, 2022, the parties filed a Mid-Discovery Status Conference Report in

26 which they represented that they anticipated no impediments to timely completing discovery and

27 were engaged in scheduling depositions.  (Doc. 22). As a result, the Court vacated the mid-

28 discovery status hearing.  (Doc. 23)

1      Pending before the Court now is the parties' Stipulation and Proposed Order for

2  Modifying the Scheduling Order, filed February 10, 2023, in which the parties seek a six-month

3  extension in all discovery, pretrial motion and trial dates.  (Doc. 25).  The Stipulation was filed

4  without any accompanying affidavit or declaration, contrary to the plain terms of the Scheduling

5  Order (discussed above).  In their unsworn representations, counsel represent that the requested

6  extension is warranted because (1) a witness became unavailable recently for her deposition

7  scheduled for January 27, 2023, and (2) "additional[, unspecified] necessary and specific written

8  and deposition discovery is required in order to adequately prepare this matter for trial."

9      Once entered by the court, a scheduling order "controls the course of the action unless the

10  court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case

11  management problems.  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir.

12  1992).  As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor*

13  *Co*., 795 F.2d 15, 18 (3rd Cir. 1986).  A scheduling order is "not a frivolous piece of paper, idly

14  entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610.

15  Pursuant to Fed. R. Civ. P. 16(b)(4), a case schedule may be modified only for good cause and

16  only with the judge's consent.  If a party is unable to reasonably meet a deadline despite acting

17  diligently, the scheduling order may be modified.  *Johnson*, 975 F.2d at 609.  If, however, the

18  party "'was not diligent, the inquiry should end' and the motion to modify should not be granted."

19  *Zivkovic v. So. Cal. Edison Co*., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d

20  at 609).

21      The parties' request for a six-month extension of all case management dates is wholly

22  unsupported by the meager, unsworn representations advanced in the stipulation.  As for the

23  recent unavailability of a witness to appear for deposition, the parties make no effort to explain

24  why, for instance, the witness's deposition could not be rescheduled during the month of

25  February while fact discovery under the current schedule is open.  As for the unspecified

26  reference in the stipulation that additional written discovery is necessary, that representation is

27  inconsistent with the parties' joint report filed in advance of the mid-discovery status conference

28  in which they stated no additional written discovery was necessary.  The parties make no showing

in their stipulation that they have acted with reasonable diligence to complete discovery within the specified period.

Under the circumstances, the Court grants a **two-month extension** of all discovery, pretrial motion and trial dates.

Accordingly, based on the parties' representations in the stipulation and for good cause shown, IT IS HEREBY ORDERED that the Scheduling Order be amended as follows:

| Discovery Event | Old Deadline | **Amended Deadline** |
|---|---|---|
| Fact Discovery Cut-Off | March 1, 2023 | **May 5, 2023** |
| Expert Witness Disclosure | March 8, 2023 | **May 12, 2023** |
| Rebuttal Expert Witness Disclosure | March 22, 2023 | **May 26, 2023** |
| Expert Discovery Cut-Off | April 7, 2023 | **June 9, 2023** |
| Dispositive Motion Cut-Off | April 28, 2023 | **June 30, 2023** |
| Dispositive Motion Hearing Deadline | June 9, 2023 | **August 15, 2023, 8:30 a.m.** |
| Pretrial Conference | August 28, 2023 | **October 16, 2023, 1:30 p.m.** |
| Trial | October 24, 2023 | **December 12, 2023, 8:30 a.m.** |

Further requests for discovery, motion or trial extensions are strongly discouraged and no requests for extension will be granted without a showing of diligence by the parties and good cause.

IT IS SO ORDERED.

Dated:   **February 13, 2023**

UNITED STATES MAGISTRATE JUDGE