UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PALOMARES,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF ARVIN, ET AL.,<br><br>            Defendants. | Case No. 1:21-cv-01745-JLT-CDB<br><br>ORDER DENYING PETITION TO APPOINT GUARDIAN AD LITEM WITHOUT PREJUDICE<br><br>(Doc. 27) |

Pending before the Court is Plaintiff's petition to appoint his niece, Violeta Negrete Garcia (Garcia), as his guardian ad litem. (Doc. 27). Because the petition does not provide substantial evidence of incompetence and does not conform to the requirements of Local Rule 202, the petition will be denied without prejudice.

**LEGAL STANDARD**

Under Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may litigate on that person's behalf. Fed R. Civ. P. 17(c)(2). "The court is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *Jurgens v. Dubendorf*, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)); *Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until after it is determined that the person

to be represented is, in fact, incompetent. *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015).

The standard for determining competency is supplied by the law of the plaintiff's domicile. *See* Fed. R. Civ. P. 17(b)(1).  Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see also* Cal. Civ. Proc. Code § 372 ("When . . . a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem[.]")  Typically," a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." *Jurgens*, 2015 WL 6163464, *3. *Accord Golden Gate Way*, 2012 WL 4482053, *3 (relying on medical records and the Court's observations of the party at a hearing to conclude he did not have the capacity to participate in the litigation in any meaningful fashion).

Additionally, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian.  Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  See Fed. R. Civ. P. 17(c);
>
> . . . .
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

## **DISCUSSION**

The petition states that Plaintiff has been diagnosed with early Alzheimer's dementia.  (Doc.

2

27, p. 2). The petition also states that a conservatorship for Plaintiff's estate has been established, and that letters of conservatorship were issued on February 3, 2023. (*Id.*) Additionally, the petition has an attached consent statement signed by the proposed guardian ad litem (Garcia). While Garcia's declaration states that she consents to act as a guardian ad litem, it does not address whether she is competent to act as a guardian ad litem, nor does it does address any potential conflicts of interest she may have with Plaintiff. Moreover, the declaration does not address whether she understands that she must act on her uncle's best interests if she appointed as guardian ad litem. *See Johnson v. Johnson*, No. 1:19-cv-00105-LJO-SAB, 2019 WL 13248650, *2 (E.D. Cal. Jan. 28, 2019).

The petition does not provide substantial evidence of incompetency. *See Johnson*, 2019 WL 13248650, *2; *Gibson v. Hagerty Insurance Agency*, No. 1:16-cv-00677-DAD-BAM, 2017 WL 1022792, *4 (E.D. Cal. Mar. 16, 2017) (finding that a two-page excerpt based on a single consultation with a physician insufficient to make an incompetence determination). The Ninth Circuit has indicated that the Court may consider declarations from the allegedly incompetent litigant, sworn declarations or letters from treating medical providers, and medical records when making an incompetency determination. *Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir. 2005). "Under California law, evidence of incompetence may be drawn from various sources, but the evidence relied upon must 'speak . . . to the court's concern . . . whether the person in question is able to meaningfully take part in the proceedings.'" *AT&T Mobility*, 143 F. Supp. 3d at 1050. (quoting *In re Christina B.*, 19 Cal. App. 4th 1441, 1450 (1993)).

Furthermore, the petition does not comply with Local Rule 202(c). Although Plaintiff has appeared through counsel in this matter, the motion does not disclose the terms under which the attorney was employed; whether the attorney became involved in the application at the insistence of any of the Defendants, directly or indirectly; whether the attorney stands in any relationship to Defendants; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. *See* E.D. Cal. Local Rule 202(c).

Plaintiff may refile a petition seeking appointment of guardian ad litem that complies with Local Rule 202(c) and is properly supported with relevant documents and sworn declarations by,

for instance, (1) counsel of record that Plaintiff is incapable of participating in the litigation in any meaningful fashion, and (2) the proposed guardian ad litem that she has not conflicts of interest with and will represent the best interests of Plaintiff if appointed.  In the event Defendants have no objection to the proposed guardian ad litem, Plaintiff should so indicate in any new petition such that this Court may dispense with the 14-day time for filing an opposition.

## **CONCLUSION AND ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's petition to appoint Violeta Negrete Garcia as guardian ad litem for Plaintiff is DENIED WITHOUT PREJUDICE to the filing of a new petition that addresses the deficiencies noted above.

IT IS SO ORDERED.

Dated:   **March 14, 2023**                                                                                   
                                                                                     UNITED STATES MAGISTRATE JUDGE