UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PALOMARES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ARVIN, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01745-JLT-CDB<br><br>ORDER ON STIPULATION DENYING SECOND AMENDMENT TO SCHEDULING ORDER<br><br>(Doc. 30) |

　　　　Pending before the Court is the parties' stipulated request for a four-month extension in all discovery, pretrial motion and trial dates. (Doc. 30). The Court previously granted a two-month extension of all case management dates following the parties' earlier request for a six-month extension. (Doc. 26). Thus, the parties' pending stipulation for order represents a second request for the same four-month period the Court previously declined to grant due to the parties' failure to demonstrate good cause.

　　　　The bases advanced in support of the request for extension are that the parties began but have been unable to complete for various reasons depositions of Plaintiff and three non-party witnesses (Jose Negrete, Phillip Munoz and Phillip Mutz), and because counsel for Plaintiff is petitioning the Court to appoint a guardian ad litem before providing verifications to his previously served, unverified responses to Defendants' interrogatories.

　　　　The Court acknowledges the challenges the parties reportedly have confronted in

1  connection with completing depositions; however, the Court is unable to find good cause to grant
2  any further extensions of discovery deadlines in light of counsels' seeming inability or
3  unwillingness to undertake reasonable efforts to contact the remaining deponents to be deposed
4  and offer the Court a tentative schedule for the remaining depositions.

5  Specifically, according to the Declaration of Mr. Hamilton filed in support of the
6  stipulated request for extension, the parties have "not yet settled" on a date to re-depose Plaintiff
7  more than six weeks after his deposition was interrupted, and the parties similarly have not
8  resolved continued dates for desired depositions of Mr. Negrete and Mr. Mutz.  But the parties
9  already raised Plaintiff's interrupted deposition as a basis for discovery extension in their last
10 request for modification of the case management dates (Doc. 25) and it does not appear the
11 parties are any closer more than one month later to re-scheduling the deposition.  This does not
12 constitute good cause to grant the requested extensions – particularly where the parties reported to
13 the Court more than four months ago that they were then scheduling depositions and that "there
14 were no impediments that would interfere with the [timely] completion of discovery."  (Doc. 22).

15 As the Court previously advised the parties when granting in part their earlier request for
16 an extension of the case management dates, once entered by the court, a scheduling order
17 "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling
18 orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations,*
19 *Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case
20 management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).  A scheduling order
21 is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel
22 without peril." *Johnson*, 975 F.2d at 610.  Pursuant to Fed. R. Civ. P. 16(b)(4), a case schedule
23 may be modified only for good cause and only with the judge's consent.  If a party is unable to
24 reasonably meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*. at
25 609.  If, however, the party "'was not diligent, the inquiry should end' and the motion to modify
26 should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)
27 (quoting *Johnson*, 975 F.2d at 609).

28 For the forgoing reasons, the parties' request for a further extension of all case

management dates is DENIED.  The Court discourages counsel from seeking any further extensions without first meeting and conferring, coordinating with deponents, scheduling depositions within a reasonable timeframe and providing the Court with a proposed, agreed-upon schedule for the timely completion of discovery and reasonable assurances that counsel will adhere to the schedule.

IT IS SO ORDERED.

Dated: **March 17, 2023**

UNITED STATES MAGISTRATE JUDGE