UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PALOMARES,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF ARVIN, ET AL.,<br><br>  Defendants. | Case No. 1:21-cv-01745-JLT-CDB<br><br>ORDER GRANTING PETITION TO APPOINT GUARDIAN AD LITEM<br><br>(Docs. 31, 34) |

Pending before the Court is Plaintiff's petition to appoint his niece, Violeta Negrete Garcia (Garcia), as his guardian ad litem. (Doc. 31). The Court ordered Plaintiff to submit supplemental briefing so that his petition complies with Local Rule 202(c). On March 21, 2023, Plaintiff filed a supplement. (Doc. 34). Defendants have not filed an opposition to the petition, and the time to do so has passed.

**LEGAL STANDARD**

Under Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may litigate on that person's behalf. Fed R. Civ. P. 17(c)(2). "The court is under a 'legal obligation' to consider whether an incompetent person is adequately protected." *Jurgens v. Dubendorf*, No. 2:14-cv-2780-KJM-DAD, 2015 WL 6163464, *3 (E.D. Cal. Oct. 19, 2015) (citing *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986)); *Davis v. Walker*, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the obligation of the court to appoint a

guardian ad litem pursuant to Rule 17(c) does not arise until after it is determined that the person to be represented is, in fact, incompetent. *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015).

The standard for determining competency is supplied by the law of the plaintiff's domicile. *See* Fed. R. Civ. P. 17(b)(1). Under California law, a party is incompetent "if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *Golden Gate Way, LLC v. Stewart*, 2012 WL 4482053, *2 (N.D. Cal. Sept. 28, 2012) (citing *In re Jessica G.*, 93 Cal. App. 4th 1180, 1186 (2001)); *see also* Cal. Civ. Proc. Code § 372 ("When . . . a person who lacks legal capacity to make decisions . . . is a party, that person shall appear either by a guardian or conservator of the estate or by a guardian ad litem[.]") Typically," a guardian will not be appointed for an adult unless the person gives consent or upon notice and a hearing." *Jurgens*, 2015 WL 6163464, *3. *Accord Golden Gate Way*, 2012 WL 4482053, *3 (relying on medical records and the Court's observations of the party at a hearing to conclude he did not have the capacity to participate in the litigation in any meaningful fashion).

Additionally, the Local Rules of the Eastern District of California provide:

> (a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);
>
> . . . .
>
> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

**DISCUSSION**

The petition states that Plaintiff has been diagnosed with early Alzheimer's dementia. (Doc. 31-1, p. 2). The petition also states that a conservatorship for Plaintiff's estate has been established. (*Id.*) A letter of conservatorship issued by the Superior Court of California, County of Kern, is attached to the petition. (Doc. 31-3). The letters of conservatorship set out court findings that Plaintiff is unable to properly provide for his personal needs. (Doc. 31-2). In addition, the California court reviewed a declaration provided by Plaintiff's medical provider in determining Plaintiff's conservatorship. (*Id.*) The set court recognizes Garcia as the conservator for Plaintiff's person and estate. (Doc. 31-3).

The Ninth Circuit has indicated that the Court may consider declarations from the allegedly incompetent litigant, sworn declarations or letters from treating medical providers, and medical records when making an incompetency determination.  *Allen v. Calderon,* 408 F.3d 1150, 1153 (9th Cir. 2005). "Under California law, evidence of incompetence may be drawn from various sources, but the evidence relied upon must 'speak . . . to the court's concern . . . whether the person in question is able to meaningfully take part in the proceedings.'" *AT&T Mobility*, 143 F. Supp. 3d at 1050. (quoting *In re Christina B*., 19 Cal. App. 4th 1441, 1450 (1993)).

Here, having considered the unopposed petition for appointment of Garcia as Plaintiff's guardian ad litem, the supplemental briefing, supporting declarations, and Plaintiff's letter of conservatorship — the Court finds that the petition should be granted. The Court further finds that no conflict would preclude Garcia from serving as guardian ad litem for Plaintiff. The Court finds that the appointment is both necessary and appropriate.

**CONCLUSION AND ORDER**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiff Manual Palomares's unopposed motion to appoint Violeta Negrete Garcia as guardian *ad litem* for Plaintiff (Docs. 31, 34) is GRANTED; and

///

///

2. Violeta Negrete Garcia is appointed to act as guardian *ad litem* for Plaintiff and is authorized to prosecute the claims on his behalf.

IT IS SO ORDERED.

Dated: **April 6, 2023**

_____
UNITED STATES MAGISTRATE JUDGE