UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PALOMARES, by and through his Guardian Ad Litem VIOLETA NEGRETE GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ARVIN, et al..<br><br>Defendants. | Case No. 1:21-cv-01745-JLT-CDB<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S PETITION FOR APPROVAL OF INCOMPETENT PERSON'S COMPROMISE OF CLAIMS<br><br>(Doc. 43) |

Pending before the Court is Plaintiff's unopposed[1] petition for approval of incompetent person's claims, filed August 28, 2023 by Plaintiff Manuel Palomares ("Plaintiff" or "Palomares") by and through his niece and guardian ad litem, Violeta Negrete Garcia ("Garcia").  (Doc. 43).

**Background**

This lawsuit arises from Palomares' detainment and arrest by Defendant City of Arvin police officers on January 18, 2021. (Doc. 43 p. 2). Palomares is deaf and was 66 years of age at the time of his arrest. *Id*. In addition to his hearing disability, Palomares is unable to either read or write. *Id*.

---

[1] The petition (filed by Plaintiff under event code "Motion") seeks the Court's approval of a compromise of claims as between Plaintiff and Defendant County of Kern only.  Defendants were required to file within 14 days of the filing of Plaintiff's motion either an opposition or statement of non-opposition (Local Rule 230(c)); as no Defendant has made any timely filing responsive to Plaintiff's motion, the Court construes the motion as being unopposed.  *See id.*

1

Instead, Plaintiff communicates through sign language, either through American Sign Language ("ASL"), "Mexico signs" and a certified deaf interpreter ("CDI"). *Id*. Palomares is also capable of using a device called a "Sorenson" which allows him to communicate. *Id*.

Garcia is Palomares' niece, guardian ad litem and the conservator of his estate. (Docs. 34, 35). Garcia communicates with Palomares by imitating things or using the Sorenson. (Doc. 40 p. 5). On January 18, 2021, Garcia received a call from Palomares' friend telling her that Palomares needed assistance at the friend's home. *Id*. at 6. Garcia went to Plaintiff's home and found him communicating with a 911 dispatcher with the assistance of his Sorenson. *Id*. Garcia allegedly recognized portions of Palomares' communication such as "wife," "stole" and "tablet." *Id*.

Thereafter, Defendant Ornelas, a police officer from the City of Arvin Police Department, arrived at Plaintiff's home. *Id*. Garcia explained to Ornelas that Plaintiff was hearing impaired and there was an available translator who could translate via videocall. Officer Ornelas spoke briefly using the videophone interpreter. Plaintiff told Ornelas that his wife took his tablet. (Doc. 38-1 p. 3). Officer Ornelas then told Plaintiff that he was going to speak with Plaintiff's wife, who was in another part of the house. *Id*. The parties dispute whether Palomares asked for an ASL interpreter (*see* Doc. 38-1 p. 3, Doc. 1 ⁋ 9). Plaintiff's wife allegedly told Officer Ornelas that she did not take the tablet, had no injuries and did not want any medical attention. (Doc. 40 p. 7). She also told Officer Ornelas that Palomares had been told that she did not have the tablet, and that he pushed her with one hand against a wooden beam. *Id*.

After talking to Plaintiff's wife, Officer Ornelas advised through the radio there was going to be a call for misdemeanor domestic violence, which resulted in Officer Pantoja being dispatched to Plaintiff's house. (Doc. 38-1 p. 3). Officer Ornelas also allegedly contacted his supervisor to ask him for advice on what he should in this situation. His supervisor told Officer Ornelas to proceed with the arrest. *Id*. Plaintiff denied pushing his wife by shaking his head and other gestures. *Id*.

The two officers arrested Palomares and upon booking, he was x-rayed and searched. (Doc 1. ⁋ 10). Palomares attempted to tell the Does that he was deaf and required an ASL interpreter. *Id*. Plaintiff alleges that while he was held in custody from around January 18 to January 19, 2021, he was never advised of the charges brought against him in any fashion, "much less with an ASL interpreter."

*Id*. Palomares alleges that he was subjected to investigatory questioning without the assistance of an interpreter or any other accommodations *Id*. ¶ 12.

Plaintiff alleges this and other conduct pleaded in the complaint violated his civil rights and rights under the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. (*Id*. ¶ 15). He raises the following claims: (1) Due Process violations under the Fourteenth Amendment; (2) Equal Protection violations under the Fourteenth Amendment; (3) violation of the Americans with Disabilities Act 42 U.S.C. § 12010 *et seq*.; and (4) violations of the Rehabilitation Act 29 U.S.C. § 701 *et. seq*.

**Procedural History**

Plaintiff filed the operative complaint on December 9, 2021 (Doc. 1). On March 9, 2023, Plaintiff filed a Motion to Appoint a Guardian Ad Litem. (Doc. 27). On March 17, 2023, Plaintiff filed an amended Motion to Appoint a Guardian Ad Litem. (Doc. 31). The Amended motion represents that Plaintiff had been diagnosed with early Alzheimer's dementia and that a conservatorship of Plaintiff's estate had been established. The amended motion contained Plaintiff's letters of conservatorship which set Garcia as his conservator. (Doc. 31-2). The Court granted Plaintiff's amended motion on April 7, 2023. (Doc. 35).

**Legal Standard**

District courts have a special duty to safeguard the interests of litigants who are minors or incompetent. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the [plaintiff].'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor [or incompetent] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [incompetent's] specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82; *see Smith v. City of Stockton*, 185 F. Supp.3d 1242, 1243-44 (E.D. Cal. 2016) (applying *Robidoux* standard to a disabled adult plaintiff). The court must

3

"evaluate the fairness of each [incompetent] plaintiff's net recovery without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1182.

In addition, the Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b). Under the circumstances of this case, the motion for approval of a proposed settlement, consistent with Local Rule 202, must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c). Local Rule 202 also provides guidelines regarding the disbursements of money to minors:

> Money or property recovered on behalf of a minor will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor.

L.R. 202(e).

**Discussion**

The Court must first consider whether the application satisfies the requirements of Local Rule 202(b)(2). The application notes that Palomares is a 69-year-old man. (Doc. 43 p. 2). As previously noted, Palomares was diagnosed with early Alzheimer's dementia which led to a conservatorship of

1   his estate being established. The application identifies the claims to be settled and that the parties to
2   those claims agreed to settle this case for $40,000.00. (Doc. 43 p. 4). The application also provides
3   relevant background concerning this action, including the time, place, and persons involved. *Id*. at 2.

4   However, the petition fails to disclose sufficient information "to enable the Court to determine
5   the fairness of the settlement or compromise" (L.R. 202(b)(2)), such as the factors relevant to the
6   parties' arrival at the compromise amount, information on the steps the parties took to obtain this
7   settlement and the risks and costs of bringing this case through additional litigation or trial.

8   Next, the Court must determine whether the disbursement of the proposed settlement is
9   appropriate pursuant to Local Rule 202(e). Under Local Rule 202(e)(1), the money or property may be
10  "disbursed to the representative pursuant to state law upon a showing that the representative is duly
11  qualified under state law." L.R. 202(e)(1). The California Probate Code provides a variety of
12  acceptable disbursement methods for an incompetent plaintiff's settlement funds. See Cal Prob. Code
13  §§ 3600 *et seq*; *Motlagh v. Macy's Corporate Services, Inc.*, No. 19-cv-00042-JLB, 2020 WL
14  7385836, at *8 (S.D. Cal. Dec. 16, 2020). An acceptable method of disbursement under California law
15  includes disbursement of the settlement funds directly to the appointed conservator of the
16  incompetent's estate. Cal Prob. Code § 3611(a). Plaintiff has previously filed letters of the
17  conservatorship and thus has demonstrated that Garcia is a duly qualified representative under state
18  law. (Doc. 31-2).

19  The Court must also consider whether the terms and amount of settlement are fair and
20  reasonable "in light of the facts of the case, the [plaintiff's] specific claim and *recovery in similar*
21  *cases*." *Robidoux*, 638 F.3d at 1181-82 (emphasis added). The application fails to provide any case
22  authority citing examples of recoveries in similar cases demonstrating the suitability of the settlement
23  amount here as contemplated by *Robidoux*. *See e.g. Vasquez v. City of Stanislaus*, No. 1:19-cv-01610-
24  AWI-SAB, 2021 WL 1734364, at *2 (E.D. Cal. March 31, 2021). The Court acknowledges that
25  certain cases (such as this one) may not readily be analogized to similar case examples. However, the
26  petition is silent as to whether and the extent to which the proposed settlement here is similar to other
27  cases authorizing analogous settlement amounts or otherwise demonstrate that the settlement is fair
28  and reasonable.

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's petition for compromise (Doc. 43) is DENIED WITHOUT PREJUDICE to any amended motion addressing the deficiencies identified herein.

IT IS SO ORDERED.

Dated:   **September 28, 2023**    _____
UNITED STATES MAGISTRATE JUDGE