UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL PALOMARES, by and through his Guardian Ad Litem VIOLETA NEGRETE GARCIA,<br><br>            Plaintiff,<br><br>      v.<br><br> CITY OF ARVIN, et al..<br><br>            Defendants. | Case No. 1:21-cv-01745-JLT-CDB<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S PETITION FOR APPROVAL OF INCOMPETENT PERSON'S COMPROMISE OF CLAIMS<br><br>(Doc. 47) |

Pending before the Court is Plaintiff's second petition for approval of incompetent person's claims, filed October 13, 2023, by Plaintiff Manuel Palomares ("Plaintiff" or "Palomares") by and through his niece and guardian ad litem, Violeta Negrete Garcia ("Garcia"). (Doc. 47).[1] No party has filed an opposition to the petition and the time to do so has passed. For the reasons that follow, the undersigned recommends granting Plaintiff's second petition for approval of incompetent person's claims.

**Background**

This lawsuit arises from Palomares' detainment and arrest by Defendant City of Arvin police officers on January 18, 2021. (Doc. 43 p. 2). Palomares is deaf and was 66 years of age at the time of

---

[1] This matter was referred to the undersigned magistrate judge by the assigned district judge (*see* Doc. 8 pp. 1-2) pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

his arrest. *Id*. In addition to his hearing disability, Palomares is unable to either read or write. *Id*. Instead, Plaintiff communicates through sign language, either through American Sign Language ("ASL"), "Mexico signs" and a certified deaf interpreter ("CDI"). *Id*. Palomares is also capable of using a device called a "Sorenson" which allows him to communicate. *Id*.

Garcia is Palomares' niece, guardian ad litem and the conservator of his estate. (Docs. 34, 35). Garcia communicates with Palomares by imitating things or using the Sorenson. (Doc. 40 p. 5). On January 18, 2021, Garcia received a call from Palomares' friend telling her that Palomares needed assistance at the friend's home. *Id*. at 6. Garcia went to Plaintiff's home and found him communicating with a 911 dispatcher with the assistance of his Sorenson. *Id*. Garcia allegedly recognized portions of Palomares' communication such as "wife," "stole" and "tablet." *Id*.

Thereafter, Defendant Ornelas, a police officer from the City of Arvin Police Department, arrived at Plaintiff's home. *Id*. Garcia explained to Ornelas that Plaintiff was hearing impaired and there was an available translator who could translate via videocall. Officer Ornelas spoke briefly using the videophone interpreter. Plaintiff told Ornelas that his wife took his tablet. (Doc. 38-1 p. 3). Officer Ornelas then told Plaintiff that he was going to speak with Plaintiff's wife, who was in another part of the house. *Id*. The parties dispute whether Palomares asked for an ASL interpreter (*see* Doc. 38-1 p. 3, Doc. 1 ¶ 9). Plaintiff's wife allegedly told Officer Ornelas that she did not take the tablet, had no injuries and did not want any medical attention. (Doc. 40 p. 7). She also told Officer Ornelas that Palomares had been told that she did not have the tablet, and that he pushed her with one hand against a wooden beam. *Id*.

After talking to Plaintiff's wife, Officer Ornelas advised through the radio there was going to be a call for misdemeanor domestic violence, which resulted in Officer Pantoja being dispatched to Plaintiff's house. (Doc. 38-1 p. 3). Officer Ornelas also allegedly contacted his supervisor to ask him for advice on what he should in this situation. His supervisor told Officer Ornelas to proceed with the arrest. *Id*. Plaintiff denied pushing his wife by shaking his head and other gestures. *Id*.

The two officers arrested Palomares and upon booking, he was x-rayed and searched. (Doc 1. ¶ 10). Palomares attempted to tell the Does that he was deaf and required an ASL interpreter. *Id*. Plaintiff alleges that while he was held in custody from around January 18 to January 19, 2021, he was

never advised of the charges brought against him in any fashion, "much less with an ASL interpreter." *Id*. Palomares alleges that he was subjected to investigatory questioning without the assistance of an interpreter or any other accommodations. *Id*. ¶ 12.

Plaintiff alleges this and other conduct pleaded in the complaint violated his civil rights and rights under the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. (*Id*. ¶ 15). He raises the following claims: (1) Due Process violations under the Fourteenth Amendment; (2) Equal Protection violations under the Fourteenth Amendment; (3) violation of the Americans with Disabilities Act 42 U.S.C. § 12010 *et seq*.; and (4) violations of the Rehabilitation Act 29 U.S.C. § 701 *et. seq*.

**Legal Standard**

District courts have a special duty to safeguard the interests of litigants who are minors or incompetent. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the [plaintiff].'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit has instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor [or incompetent] plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the [incompetent's] specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82; *see Smith v. City of Stockton*, 185 F. Supp.3d 1242, 1243-44 (E.D. Cal. 2016) (applying *Robidoux* standard to a disabled adult plaintiff). The court must "evaluate the fairness of each [incompetent] plaintiff's net recovery without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1182.

In addition, the Local Rules for this district provide that "[n]o claim by or against a minor or incompetent person may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b). Under the circumstances of this case, the motion for approval of a

proposed settlement, consistent with Local Rule 202, must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c). Local Rule 202 also provides guidelines regarding the disbursements of money to minors or incompetent persons:

> Money or property recovered on behalf of a minor will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor or incompetent person.

L.R. 202(e).

**Discussion**

On September 28, 2023, the Court denied Plaintiff's initial petition for approval of incompetent person's claims without prejudice. (Doc. 45). Although it found that the first petition complied with all requirements of Local Rule 202(e) and most other requirements, the Court also found that the petition failed to disclose enough information to "enable the Court to determine the fairness of the settlement or compromise." (*Id.* p. 5) (citing L.R. 202(b)(2)). The initial petition did not specify how the parties arrived at the compromise amount, did not disclose how the parties agreed that settlement is appropriate, and did not disclose how the parties weighted the risks and costs of continuing litigation against the benefits of reaching a settlement. *Id*.

1      The Court further found that the petition did not adequately cite case authority supporting how
2 the terms and amount of the settlement were fair and reasonable "in light of the facts of the case, the
3 [plaintiff's] specific claim and recovery in similar cases." *Id*. (citing *Robidoux*, 638 F.3d at 1181-82).
4 For the purposes of brevity, the undersigned incorporates the prior order denying Plaintiff's petition
5 without prejudice (Doc. 45) and limits his analysis to how the second petition remedies the
6 deficiencies outlined in the previous order.

7      In the second petition, Plaintiff avers that the $40,000.00 amount was reached as an arms
8 length negotiation between the parties and is comprised of $5,000.00 per hour of Plaintiff's detention
9 without effective communication services.  (Doc. 47 pp. 10-11). The $5,000.00 dollar figure
10 corresponds to the compensatory damages award in another settlement involving deaf litigants. (Doc.
11 47 p. 11).   The settlement amount also accounts for Plaintiff's attorney client employment agreement
12 (the "Agreement") (Doc. 43-2), which calls for contingent attorney fees of 40% of Plaintiff's
13 settlement (in this case, $16,000.00).  (Doc. 47 p. 3-4). The Agreement also requires reimbursement of
14 advanced costs paid by Plaintiff's counsel, which the Petition identifies as $5,788.02. *Id*.  The
15 settlement resolves claims as between Plaintiff and Defendant County of Kern only. (*Id.* p. 5).

16      The second petition also is supported by a declaration from Plaintiff's counsel.  (Doc. 47 pp. 7-
17 12). Plaintiff's counsel declares that as he valued the settlement amount with the County of Kern, he
18 took in consideration the amount of responsibility that the County had as for Plaintiff's injuries. *Id*. at
19 7.  Counsel for Plaintiff assessed that the County is responsible for Plaintiff's eight-hour jail custody
20 without effective communication, but the County was not the arresting agency. (*Id.*  pp. 10-11).  In
21 addition, Plaintiff's counsel considered the venue where the case will be tried, the uncertainty of a trial
22 result, and the nature of Plaintiff's confinement. *Id*. at 12.

23      Counsel for Plaintiff has litigated cases for deaf and hard of hearing clients for over 10 years.
24 *Id*. at 8.  *See, e.g.*, *Greater Los Angeles Agency on Deafness, Inc. v. County of Los Angeles*, No. 2:14-
25 cv-04269-CJC-JPR (C.D. Cal. 2014); *Zamora v. County of Los Angeles*, No. 2:15-cv-05405-PJW
26 (C.D. Cal. 2015); *Mello v. County of Kern*, No. 1:18-cv-01216-AWI-EPG (E.D. Cal. 2018).  The
27 Court finds that the second petition provides a thorough analysis concerning how the parties'
28 settlement figure was reached and provides how the settlement figure is reasonable in light of similar

cases.  Counsel for Plaintiff's declaration provided the Court with sufficient assurance that the settlement amount was reasonable based on counsel's experience with deaf/hard of hearing clients and cases involving similarly situated Plaintiffs.  Considering the foregoing, the undersigned recommends that Plaintiff's petition for order authorizing compromise of incompetent person's claim be granted.

**Findings and Recommendations**

Based on the foregoing, the Court **RECOMMENDS** that the second petition to approve settlement of incompetent person's claims (Doc. 47) be **APPROVED** in full and that the parties be **DIRECTED** to file with the Court a stipulation for the dismissal of Defendant County of Kern only, with prejudice, no later than 21-days after these findings and recommendations are adopted.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2023**                                   _____
                                                                                  UNITED STATES MAGISTRATE JUDGE